**John R. JOHNSTON, Plaintiff, Appellant,**

v.

**UNITED STATES of America, Defendant, Appellee.**

No. 6328.

United States Court of Appeals
First Circuit.

Heard Oct. 5, 1964.

Decided Nov. 3, 1964.

13. N. L. R. B. v. Piedmont Wagon & Mfg. Co., (4th Cir. 1949) 176 F.2d 695.

14. See N. L. R. B. v. Lester Bros., Inc., supra, note 1, at 69.

John R. Johnston, Boston, Mass., pro se, with whom Warner, Stackpole, Stetson & Bradlee, Boston, Mass., was on brief.

Frederick E. Youngman, Dept. of Justice, with whom Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, David O. Walter and George F. Lynch, Dept. of Justice, W. Arthur Garrity, Jr., U. S. Atty., and Murray H. Falk, Asst. U. S. Atty., were on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The plaintiff-appellant brought suit in the court below under Title 28 U.S.C. § 1346(a) (1) to recover $6.57 paid by him to the District Director of Internal Revenue as the tax, with interest, imposed by Title 26 U.S.C. § 4241(a) on $40 paid by him to the Maugus Club of Wellesley, Massachusetts, for the privilege of participating with his wife in the club's bowling league competition. The court below on cross motions for summary judgment based on stipulated facts entered judgment denying the plaintiff's motion and granting the defendant's and the plaintiff appealed. Title 28 U.S.C. § 1291.

The $40 payment for participation in the club's bowling league was in addition to regular club membership dues of $67.50 on which the plaintiff paid a federal excise tax of $13.50 not here in issue. As a member of the club the plaintiff, on the payment of $40 in addition to his membership dues, become eligible to participate in the club's mixed bowling league competition. As a member of the bowling league the plaintiff was entitled to bowl three strings in league competition on each of 26 specified occasions from September to May without paying the club's usual charge to members for bowling of $.35 per string or three strings for $1.00. The sole issue presented is whether the $40 payment was "dues" as defined in the Internal Revenue Code of 1954, Title 26 U.S.C. § 4242 (a), quoted in the margin.*

The appellant concedes in his brief "that a literal and wooden application of the statutory definition of 'dues' " in § 4242(a) "might lead one to conclude that the bowling fee involved here constitutes 'dues' within the meaning" of § 4241 of the Internal Revenue Code of 1954.

He contends, however, that a literal reading of § 4242(a) is precluded by the opinion of the Court in White v. Winchester Country Club, 315 U.S. 32, 62 S.Ct. 425, 86 L.Ed. 619 (1942).

We do not see how the appellant can draw any comfort from the Winchester Country Club case in which the Court, construing a revenue statute imposing a tax on "dues or membership fees" but not defining those terms, held that the test of whether a payment to a country club is "dues" is whether the payment

---

* "As used in this part the term 'dues' includes any assessment, irrespective of the purpose for which made, and any charges for social privileges or facilities, or for golf, tennis, polo, swimming, or other athletic or sporting privileges or facilities, for any period of more than six days;  *  *  *."

is "fixed by each occasion of actual use" of a club facility, as for a meal in the dining room or a single round of golf, or whether the payment is "for the right to repeated and general use of a common club facility for an appreciable period of time." See page 41 of 315 U.S., page 430 of 62 S.Ct.

Whether the fee paid for participation in the Maugus Club mixed bowling league fits the Court's definition of "dues" in the Winchester Country Club case need not concern us, for it fits squarely within the statutory definition in § 4242(a), supra, of the Revenue Code of 1954 with which we are here concerned.

Judgment will be entered affirming the judgment of the District Court.